UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RASHAD TECHU EL,

                          Plaintiff,

                  -against-

LT. DREW CONETTA, #321; OFF.
CHRISTOPHER BIVONA, #2; PORT
CHESTER POLICE DEPARTMENT,

                          Defendants.

22-CV-0111 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

         Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, against the

Port Chester Police Department and two of its officers. He also seeks to prosecute Defendants

under federal criminal statutes, 18 U.S.C. §§ 241, 242, 1201, and 2236, for alleged "kidnapping"

and "domestic terrorism." By order dated January 6, 2022, the Court granted Plaintiff's request

to proceed *in forma pauperis*, that is, without prepayment of fees.

**STANDARD OF REVIEW**

         The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," Triestman v. Fed. Bureau of Prisons, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff Rashad Techu El alleges that he is a Moorish American national and clarifies that he does not purport to be "a sovereign citizen." (ECF 2 at 8.) Plaintiff's claims arose on November 28, 2020, on Boston Post Road in Port Chester, New York, when Police Officer Bivona "pulled [Plaintiff] over for speeding." (*Id.*) Plaintiff has a Moorish American national "travel ID card," which he contends "expresses [his] right to travel freely in [his] private conveyance." (*Id.*) Plaintiff further asserts that he cannot be deemed to have been "a driver or operator," of the car, as he defines those terms, when he was pulled over.

Plaintiff gave his Moorish American national travel ID card to Officer Bivona. Plaintiff expressed his views of his rights, but Officer Bivona "completely disregarded everything" that Plaintiff said and "call[ed] for back up." (*Id.*) Lieutenant Conetta arrived, and "[t]he situation escalated to the point where Lt. Conetta opened [the] car door without [Plaintiff's] permission and threatened to forcibly remove [Plaintiff] from his automobile." (*Id.*) Plaintiff was moved to the back of his own car and was handcuffed, during which time, the officers "slandered" and "mocked" him using derogatory language.

Plaintiff was taken to the police station, where he spent four or five hours in a holding cell; Officer Bivona made derogatory remarks about Plaintiff while he was in the holding cell, such as telling other officers that Plaintiff was a "sovereign citizen." This caused Plaintiff "emotional distress during [his] abduction." (*Id.* at 8-9.)

Plaintiff was "defamed with a contradictory article" in a local newspaper, the Westmore News, which "mentions suspicion of theft." (*Id.* at 9.) The article stated that police officer(s) "noticed damage to a panel where the ignition is," which apparently caused them to suspect that

the vehicle was stolen. Plaintiff contends that the ignition panel cannot be seen through the tinted windows of the car, and that in order to view the ignition panel, officers would have had to conduct an illegal search of the car.

Plaintiff brings suit against the Port Chester Police Department, Police Officer Bivona, and Lieutenant Conneta. Plaintiff invokes federal criminal statutes, seeks damages under section 1983, and asks the Court to require that the Port Chester Police Department put his name on a "DO NOT DETAIN" list. (*Id.* at 6.)

## DISCUSSION

### A.    No Right to Prosecute Criminal Charges

Plaintiff invokes federal criminal statutes, 18 U.S.C. §§ 241, 242, 1201, and 2236, and suggests that Defendants are responsible for "kidnapping," "domestic terrorism," and other crimes. A private individual cannot initiate the arrest and prosecution of another because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Moreover, prosecutors are "immune from control or interference by citizen or court" in exercising their discretion whether to prosecute. *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, Plaintiff cannot prosecute Defendants himself or obtain a court order directing a prosecutor to prosecute Defendants. Plaintiff's claims against Defendants under 18 U.S.C. §§ 241, 242, 1201, and 2236 are therefore dismissed for failure to state a claim on which relief can be granted. *See* 28 U.S.C § 1915(e)(2)(B)(ii).

### B.    Claims against Port Chester Police Department

Plaintiff's claims against the Port Chester Police Department must be dismissed because, under New York law, municipal agencies or departments lack the capacity to be sued in the name of the department. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities.");

*Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village."). Instead, Plaintiff must name the Village of Port Chester as a defendant to assert claims against the Port Chester Police Department.

When a plaintiff sues a municipality like the Village of Port Chester under section 1983, however, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011).

In other words, to state a section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997). Plaintiff does not allege that any municipal policy, custom, or practice caused a violation of his rights. The Court therefore dismisses Plaintiff's claims against the Port Chester Police Department because it lacks the capacity to be sued, and does not substitute the Village of Port Chester as a defendant because he does not state a claim for municipal liability. 28 U.S.C. § 1915(e)(2)(B)(ii).

C.      **False Arrest**

Courts analyzing section 1983 claims for unconstitutional false arrest generally look to the law of the state in which an arrest occurred. *Jaegly v. Couch*, 439 F.3d 149, 151-52 (2d Cir. 2006). Under New York law, to establish a false arrest claim, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest.") (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)) (internal quotation marks omitted).

An officer has probable cause to arrest when he or she has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Weyant*, 101 F.3d at 852. "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996).

Plaintiff alleges that Police Officer Bivona told him that he pulled over Plaintiff's car because Plaintiff was speeding. (ECF 2 at 8.) Plaintiff does not dispute that he was speeding; instead, he argues that "a traffic infraction is not a crime." (*Id.*) Plaintiff gave Police Officer Bivona his Moorish National "Right to Travel card" and argues that in "New York State, you do not have to present or carry ID on you if you did not commit a crime." (*Id.*)

Under New York's Vehicle & Traffic Laws, a valid driver's license is required to operate a motor vehicle. *See* N.Y. Veh. & Traf. Law § 509. The plaintiff in *Annan v. State of New York*

*Dep't of Motor Vehicles*, No. 15-CV-1058 (CBA) (CLP), 2016 WL 8189269, at *2 (E.D.N.Y. Mar. 2, 2016), *aff'd*, 662 F. App'x 85 (2d Cir. 2016), like the plaintiff here, argued that he "is not a legal 'person,' 'driver,' or 'operator' and his 'self-propelled contrivance/carriage' is not a motor vehicle, [therefore] his right to travel cannot be circumscribed by law or the DMV." The district court held, among other things, that police officers did not violate the plaintiff's rights by ignoring his "right to travel" affidavit. *See also People v. Gilgeours*, 65 N.Y.S.3d 492 (N.Y. Crim. Ct. 2017) (rejecting arguments of "Moorish National" "that because he was not traveling for business purposes, he does not need the 'privileges of the driver's license, car, registration, inspection, insurance as one is not needed for travel on the American soil'").

Plaintiff's allegations that he was stopped for speeding and was arrested when he argued that he was not required to hold a driver's license and refused to exit his vehicle are thus insufficient to state a claim that he was arrested without probable cause. *See, e.g., People v. Miller*, 539 N.Y.S.2d 809, 812 (1989) ("[B]ased on the defendant's failure to produce a driver's license and his admission that he was operating the car, an arrest of the defendant for driving without a license was also warranted."); *Johnson El v. Bird*, No. 19-CV-5102 (CS), 2020 WL 5124920, at *1 (S.D.N.Y. Aug. 31, 2020) (dismissing claims for false arrest where plaintiff alleged that officer requested his driver's license, and plaintiff responded "that he is an 'indigenous man of Moorish American de[s]cent' and did not need to have a driver's license while traveling, and instead he provided a 'nationality card' and a 'picture identification card'"); *see also Arizona v. Johnson*, 555 U.S. 323, 331 (2009) ("[O]nce a motor vehicle has been lawfully detained for a traffic violation, the police officers may order the driver to get out of the vehicle without violating the Fourth Amendment's proscription of unreasonable searches and

seizures."). Plaintiff thus fails to state a section 1983 claim that he was falsely arrested without probable cause.

Plaintiff also fails to state a claim that Defendants engaged in an unreasonable seizure based on the length of his detention. "[A] police stop exceeding the time needed to handle the matter for which the stop was made violates the Constitution's shield against unreasonable seizures." *Rodriguez v. United States*, 575 U.S. 348, 350 (2015). Here, however, Plaintiff alleges no facts suggesting that the stop was overly long. To the contrary, Plaintiff's allegations show that he prolonged the stop by refusing to produce a driver's license, providing only unofficial identification, and insisting that New York vehicle traffic laws did not apply to him as a Moorish American national. These allegations also do not state a claim under section 1983 for an unreasonable seizure. The Court therefore dismisses Plaintiff's section 1983 claims that he was unreasonably seized and falsely arrested, for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## D.    Search of Vehicle

Warrantless searches "are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well delineated exceptions." *United States v. Howard*, 489 F.3d 484, 492 (2d Cir. 2007) (citing *Coolidge v. New Hampshire*, 403 U.S. 443, 454-55 (1971)). Under the automobile exception, "police may conduct a warrantless search of a readily mobile motor vehicle if probable cause exists to believe the vehicle contains contraband or other evidence of a crime." *United States v. Gaskin*, 364 F.3d 438, 456 (2d Cir. 2004) (citing *Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996) (per curiam)). The Second Circuit has explained that the Supreme Court has justified the automobile exception under two distinct theories:

> First, the Supreme Court has noted that a person's expectation of privacy in a vehicle is less than his or her expectation of privacy in a home, *see Cardwell v. Lewis*, 417 U.S. 583, 590 (1974), and, second, the Court has held that because a vehicle is readily movable, exigent circumstances might require a warrantless search, *see Carroll v. United States*, 267 U.S. 132, 153 (1925).

*United States v. Howard*, 489 F.3d 484, 492 (2d Cir. 2007).

Plaintiff posits that there must have been "a thorough investigation of the interior" of his car. (ECF 2 at 9.) Plaintiff's reasoning is that a newspaper article stated that police officers suspected Plaintiff of theft because the ignition panel of his car appeared to have been damaged. (*Id*. at 8.) Plaintiff states that there was no damage to the ignition panel, but that "if there was," it could only have been seen if a search had been made because the windows were tinted. (*Id.* at 9.) Plaintiff's allegations are insufficient to allege that Defendants conducted a search of his car, among other reasons, because the allegations of the complaint contradict his assertions that only a search could have revealed damage to the ignition panel. Plaintiff also alleges, for example, that Lieutenant Conetta opened Plaintiff's car door without Plaintiff's permission when he did not exit the vehicle; thus, there is no reason to draw the inference that "a thorough investigation of the interior" is the only means by which officers could have seen the ignition panel. Plaintiff's allegations do not show that Defendants conducted a search of his car, much less that the search was unlawful. These allegations thus fail to state a claim under section 1983 that Defendants violated his rights under the Fourth Amendment. 28 U.S.C. § 1915(e)(2)(B)(ii).

**E.      Due Process Claims**

Plaintiff's allegations that Defendant Bivona defamed him might be liberally construed as a "stigma plus" claim under section 1983 for a violation of Plaintiff's right to due process. *See Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004). To prevail on a "stigma plus" claim, a plaintiff must show "(1) the utterance of a statement 'sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she claims is false,' and (2) a

material state-imposed burden or state-imposed alteration of the plaintiff's status or rights" in addition to the stigmatizing statement. *Vega v. Lantz*, 596 F.3d 77, 81 (2d Cir. 2010) ( quoting *Sadallah*, 383 F.3d at 38). Even palpably false statements by a governmental actor will not support a federal claim if the only injury is to the plaintiff's reputation. *See Paul v. Davis*, 424 U.S. 693, 712 (1976); *Sadallah*, 383 F.3d at 38 ("[D]eleterious effects [flowing] directly from a sullied reputation," standing alone, do not constitute a "plus.").

Plaintiff alleges that "Officer Bivona and other officers on the scene slandered me and mocked me trying to assert my rights with derogatory terms. . . . Officer Bivona made derogatory remarks toward me like, 'Oh, we have a Sovereign Citizen over here,' while h[e] and other officers laughed causing me more emotional distress." (ECF 2 at 8.) Nowhere in the complaint does the plaintiff allege anything about the "deprivation of a legal right or status" in connection with these derogatory remarks. *Abramson v. Pataki*, 278 F.3d 93, 101, 103 (2d Cir. 2002); *see also Zherka v. Amicone*, 634 F.3d 642, 645-46 (2d Cir. 2011) ("Hurt feelings or a bruised ego are not by themselves the stuff of constitutional tort."). Because Plaintiff does not allege that Defendants' comments resulted in a deprivation of any liberty or property protected by due process, he does not state a "stigma plus" claim under section 1983 for a violation of his due process rights.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). It appears to the Court that Plaintiff's complaint cannot be cured with an amendment. In an abundance of caution, the Court nevertheless will hold this matter open on the docket for 30 days to allow Plaintiff to file an amended complaint if he wishes to do so. If Plaintiff does not file an

amended complaint, the Court will dismiss Plaintiff section 1983 claims for failure to state a claim on which relief can be granted and will decline, under 28 U.S.C. § 1367(c), to exercise supplemental jurisdiction of Plaintiff's state law claims.

## CONCLUSION

The Court dismisses Plaintiff's claims under 42 U.S.C. § 1983 for failure to state a claim on which relief can be granted, 28 U.S.C. § 1915(e)(2)(b)(ii), and declines, under 28 U.S.C. § 1367(c), to exercise supplemental jurisdiction of Plaintiff's state law claims.

The Clerk of Court is directed not to enter judgment and to hold this matter open on the docket for 30 days in order to provide Plaintiff an opportunity to file an amended complaint. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-0111 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff does not file an amended complaint within the time allowed, the Court will enter judgment dismissing the claims under 42 U.S.C. § 1983 for failure to state a claim upon which relief may be granted and declining supplemental jurisdiction of the state law claims.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 4, 20222
         New York, New York

               /s/ Laura Taylor Swain
               LAURA TAYLOR SWAIN
               Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                          (Plaintiff's name)


_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                                  (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                          Middle Initial           Last Name

_____

Street Address

_____

County, City                                  State                  Zip Code

_____

Telephone Number                        Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                        State                    Zip Code

Defendant 2:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                        State                    Zip Code

Defendant 3:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                        State                    Zip Code

Defendant 4:

_____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                  State          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.