UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RASHAD TECHU-EL,<br><br>                Plaintiff,<br><br>-against-<br><br>DREW CONETTA; CHRISTOPHER BIVONA; VILLAGE OF PORT CHESTER, TOWN OF RYE,<br><br>                Defendants. | 22-CV-0111 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed this complaint alleging that Defendants falsely arrested him for a traffic violation and searched him in violation of his Fourth Amendment rights. By order dated April 4, 2022, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on May 2, 2022, and the Court has reviewed it. The action is now dismissed for the reasons set forth below.

## STANDARD OF REVIEW

      The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following information is from Plaintiff's amended complaint. Plaintiff is "a Moorish American National," and he has "a travel ID card that expresses [his] Right to Travel FREELY in [his] private conveyance."[1] (*Id.*)  He is "NOT a sovereign citizen." (*Id.*) Plaintiff invokes the following as the basis for his claims:

---

[1] All spelling and punctuation in the quoted material is from the original, unless otherwise noted.

>18 U.S.C. 1201 – Kidnapping, 18 U.S.C. 241 – Conspiracy against rights, 18 U.S.C. 242 – Deprivation of rights under color of law, 18 U.S.C. 2236 – Searches without warrant, 18 U.S.C. 2331 – Domestic Terrorism.

(ECF 5 at 2.) Although the statutes cited in the amended complaint as the basis for Plaintiff's claims are all federal criminal statutes, Plaintiff states that he seeks to hold "entities/persons liable for punitive damages (NOT CRIMINAL) for violating [his] rights." (*Id.* at 8.) He does not "insinuate that [he can prosecute criminal charges], as he is well aware that it is not [his] job." (*Id.* at 9.)

Plaintiff's claims arose on November 28, 2020, in Port Chester, New York. (*Id.* at 5.) Police Officer Bivona "pulled over" Plaintiff for the "traffic infraction of speeding." (*Id.* at 8.) Plaintiff contends that a "police officer CANNOT have probable cause for any action nor detain anyone if they have NOT committed a crime" and that a "traffic infraction is NOT a crime." (*Id.* at 8.) Plaintiff argues that "there was/were no injured parties (Corpus Delicti) for a crime to exist. Whether a conveyance is a registered motor vehicle, registered vehicle, or Automobile is irrelevant." (*Id.*) He cites to a state law case from California, which he quotes as holding that "[s]peeding, driving without a license, wrong plates or no plates, no registration, no tags, etc., have been held to be 'non-arrestable offenses.' *Cal. v. Farley*, 98 Cal. Rep. 89, 20 CA 3d 1032." (*Id.* at 9.)

Plaintiff "stated most of these constitutional FACTS aforementioned to Officer Bivona, but he completely disregarded everything mentioned." (*Id.* at 10.) Plaintiff "stood firmly on [his] square and continued to assert [his] rights." (*Id.*) Officer Bivona "proceeded to call for back up, which included the response of other officers and his superior, Lt. (Lieutenant) Conetta." (*Id.*) Plaintiff told Lieutenant Conetta "the same information [that he] shared with Officer Bivona." (*Id.*) Eventually, "[t]he situation escalated to the point where Lieutenant Conetta opened [Plaintiff's] car door without [Plaintiff's] permission and threatened to forcibly remove [him]

3

from [his] automobile." (*Id.*)  Plaintiff "was moved to the rear of [his] auto and was handcuffed. As [he] was cuffed, they conducted an unlawful search of [his] automobile without [his] consent."[2] (*Id.* at 10.) Plaintiff contends that he "was then put in the back of the police car where [he] was kidnapped and brought to the police station against [his] will." (*Id.*) Plaintiff was held for 4-5 hours before being released. (*Id.* at 10.)

Plaintiff brings suit against the Village of Port Chester, the Town of Rye, Police Officer Bivona, and Lieutenant Conetta, seeking $600,000 in punitive damages.

## DISCUSSION

### A. False Arrest

As set forth in the Court's April 4, 2022 order to amend, courts analyzing Section 1983 claims for unconstitutional false arrest generally look, as a starting point, to the law of the state in which an arrest occurred. *Jaegly v. Couch*, 439 F.3d 149, 151-52 (2d Cir. 2006). Under New York law, to establish a false arrest claim, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest.") (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)) (internal quotation marks omitted).

---

[2] In Plaintiff's initial complaint, he alleged that his car has tinted windows and that defendants must have "conducted a thorough search of the interior" to have noted damage to the control panel. (ECF 2 at 9). Plaintiff does not allege, in the original or amended complaint, that officers searched areas beyond the passenger compartment, such as the trunk of the car.

"As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996). Even where a traffic "violation may be reasonably characterized as a 'minor' offense, it is well-established that an officer's direct observation of even a minor traffic violation is sufficient probable cause to arrest the violator." *Smart v. City of New York*, No. 08-CV-2203 (HB), 2009 WL 862281, at *4 (S.D.N.Y. Apr. 1, 2009) (relying on *U.S. v. Scopo*, 19 F.3d 777, 781-782 (2d Cir. 1994) (officers had probable cause to stop and arrest defendant they directly observed violate traffic laws by not signaling lane changes)); *Fleming v. Esposito*, No. 08-CV-4584 (LMS), 2009 WL 10739921, at *4 (S.D.N.Y. Nov. 23, 2009) (noting that Section 155 of the New York Vehicle and Traffic Law states that "[f]or purposes of arrest without a warrant, pursuant to article one hundred forty of the criminal procedure law, a traffic infraction shall be deemed an offense" and that under N.Y. Crim. Proc. Law § 140, "a police officer may arrest a person for: (a) any offense when he [or she] has reasonable cause to believe that such person has committed such offense in his [or her] presence," though this is a matter of state law rather than the constitutionally required standard); *People v. Marsh*, 20 N.Y.2d 98, 101 (1967) (holding that "traffic violation may serve as a predicate for an arrest without a warrant pursuant to [Vehicle and Traffic Law § 155]").

Under New York's Vehicle & Traffic Laws, a valid driver's license issued by the State of New York is required to operate a motor vehicle. *See* N.Y. Veh. & Traf. Law § 509. Courts have repeatedly rejected arguments that a Moorish National "right to travel" card has any legal validity. *See, e.g.*, *Annan v. State of New York Dep't of Motor Vehicles*, No. 15-CV-1058 (CBA) (CLP), 2016 WL 8189269, at *2 (E.D.N.Y. Mar. 2, 2016), *aff'd*, 662 F. App'x 85 (2d Cir. 2016).

Courts have also rejected arguments attempting to show, through semantic acrobatics, that a person driving a car is not a "driver," or a car is "not a motor vehicle." *See Annan*, 2016 WL 8189269, at *2 (rejecting arguments that *pro se* plaintiff "is not a legal 'person,' 'driver,' or 'operator' and his 'self-propelled contrivance/carriage' is not a motor vehicle, [therefore] his right to travel cannot be circumscribed by law or the [New York State Department of Motor Vehicles]."); *People v. Gilgeours*, 65 N.Y.S.3d 492 (N.Y. Crim. Ct. 2017) (rejecting arguments of "Moorish National" "that because he was not traveling for business purposes, he does not need the 'privileges of the driver's license, car, registration, inspection, insurance as one is not needed for travel on the American soil'").

Plaintiff repeats the same insufficient allegations from his original complaint and continues to espouse a mistaken view of the law.[3] Plaintiff alleges that: (1) he was stopped for a traffic infraction, even though in his view he cannot be deemed a "driver"; and (2) he was arrested when he provided his "right to travel card" and argued that he was not required to hold a driver's license and refused to exit his vehicle. (ECF 5 at 8-9.) Plaintiff's allegations suffice to show that Defendants had probable cause to arrest him. *See, e.g., People v. Miller*, 539 N.Y.S.2d 809, 812 (1989) ("[B]ased on the defendant's failure to produce a driver's license and his admission that he was operating the car, an arrest of the defendant for driving without a license was also warranted."); *Johnson El v. Bird*, No. 19-CV-5102 (CS), 2020 WL 5124920, at *1 (S.D.N.Y. Aug. 31, 2020) (dismissing claims for false arrest where plaintiff alleged that officer requested his driver's license, and plaintiff responded "that he is an 'indigenous man of Moorish American de[s]cent' and did not need to have a driver's license while traveling, and instead he

---

[3] Plaintiff appears to rely on a flyer, titled "Do you know your rights?," that is attached to the amended complaint. (ECF 5 at 11-12.) The information in the flyer is generally inaccurate, and the flyer contains many distortions and misstatements of law.

provided a 'nationality card' and a 'picture identification card'"); *see also Arizona v. Johnson*, 555 U.S. 323, 331 (2009) ("[O]nce a motor vehicle has been lawfully detained for a traffic violation, the police officers may order the driver to get out of the vehicle without violating the Fourth Amendment's proscription of unreasonable searches and seizures.").[4] Plaintiff thus fails to state a Section 1983 claim that he was falsely arrested without probable cause.

**B.      Search Incident to Arrest**

Plaintiff alleges that officers searched his vehicle "while cuffing him," that is, contemporaneously with his arrest. Warrantless searches "are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well delineated exceptions." *United States v. Howard*, 489 F.3d 484, 492 (2d Cir. 2007) (citing *Coolidge v. New Hampshire*, 403 U.S. 443, 454-55 (1971)).

Under the automobile exception, when a police officer has made a lawful custodial arrest of an occupant of an automobile, the Fourth Amendment allows the officer to search the passenger compartment of that vehicle as a contemporaneous incident of arrest, even when an officer does not do so until the person arrested has left the vehicle. *Thornton v. United States*, 541 U.S. 615, 617 (2004). Plaintiff alleges that officers searched his vehicle "while cuffing him." (ECF 5 at 10.) The facts alleged show that officers stopped the Plaintiff for a traffic violation and that he refused to produce his driver's license or exit the vehicle, and the Court has therefore concluded above that they had probable cause to arrest him. Plaintiff's allegations that

---

[4] For the avoidance of doubt, the Court notes that "a claim for false arrest turns only on whether probable cause existed to arrest a defendant . . . it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest." *Jaegly*, 439 F.3d at 154; *see also Devenpeck v. Alford*, 543 U.S. 146, 153-55 (2004) ("[A]n arresting officer's . . . subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause.").

Defendants Bivona and Connetta searched his car incident to this lawful arrest do not state a claim for a violation of Plaintiff's rights under the Fourth Amendment. The Court therefore dismisses Plaintiff's Section 1983 claim for an unlawful search of his vehicle for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

C.     **Claims against Village of Port Chester and the Town of Rye**

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011).

In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted). Here, Plaintiff has not alleged facts in his amended complaint showing that the Village of Port Chester or the Town of Rye had any policy, custom or practice that caused a violation of his constitutional rights. The Court therefore dismisses Plaintiff's Section 1983 claims against the Village of Port Chester and the Town of Rye for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### D. State Law Claims

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

### E. Leave to Amend

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff has already had an opportunity to amend his complaint, and the amended complaint gives no indication that the defects can be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines, under 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction of Plaintiff's state law claims.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 11, 2022
        New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge